UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YOUSEF KADMIRI,

                    Plaintiff,

          -against-

STATE OF NEVADA, CITY OF
HENDERSON, ANTHEM HIGHLANDS
MGM GRAND RESORTS
INTERNATIONAL, PRIVATE ACTORS
JOHN AND JANE DOE 1-1000,
HENDERSON POLICE DEPARTMENT,
HENDERSON MUNICIPAL COURT, LAS
VEGAS METROPOLITAN POLICE
DEPARTMENT, FEDERAL BUREAU OF
INVESTIGATIONS, UNITED STATES
DEPARTMENT OF JUSTICE, UNKNOWN
PRIVATE MILITARY CONTRACTORS,
THE CLERK OF COURT OF THE EIGHTH
JUDICIAL DISTRICT COURT OF
NEVADA, and ALL IDENTIFIED
INDIVIDUALS IN THIS PETITION,

                    Defendants.

26-CV-2029 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Yousef Kadmiri, who resides in Nevada, and is appearing *pro se*, brings this action, alleging violations of the "Electronic Torture Act (ETA)" against the State of Nevada, the City of Henderson, Nevada, as well as several additional identified and unidentified defendants. For the reasons set forth below, the Court transfers this action to the United States District Court for the District of Nevada.

Plaintiff has previously submitted substantially similar complaints against Defendants alleging the same set of facts, all in the District of Nevada. *See Kadmiri v. MGM Grand Int'l,* No. 25-CV-1514 (D. Nev. Aug. 15, 2025); *Kadmiri v. City of Henderson*, No. 25-CV-1693 (D. Nev. Sep. 5, 2025); *Kadmiri v. San Bernadino*, No. 26-CV-0257 (D. Nev. Feb. 2, 2026); *Kadmiri v.*

*City of Henderson*, No. 26-CV-0436 (D. Nev. Feb. 16, 2026); *Kadmiri v. City of Henderson*, No. 26-CV-0440 (D. Nev. Feb. 17, 2026); *Kadmiri v. City of Henderson*, No. 26-CV-0479 (D. Nev. Feb. 19, 2026); *Kadmiri v. State of Nevada*, No. 26-CV-0656 (D. Nev. Mar. 9, 2026); *Kadmiri v. City of Henderson*, No. 26-CV-0658 (D. Nev. Mar. 9, 2026); *Kadmiri v. State of Nevada*, No. 26-CV-0659 (D. Nev. Mar. 9, 2026); *Kadmiri v. MGM Resorts Int'l*, No. 26-CV-0718 (D. Nev. Mar. 12, 2026); *Kadmiri v. MGM Grand Resorts Int'l*, No. 26-CV-0789 (D. Nev. Mar. 10, 2026); *Kadmiri v. United State Dep't of Justice*, No. 26-CV-0790 (D. Nev. Mar. 10, 2026); *Kadmiri v. United States Dep't of Justice*, No. 26-CV-0815 (D. Nev. Mar. 19, 2026); *Kadmiri v. United State Dep't of Justice*, No. 26-CV-0817 (D. Nev. Mar. 19, 2026). Where a plaintiff files duplicative, or substantially similar actions, in two different districts, there is a strong presumption in favor of the forum of the first-filed suit. *See New York v. Exxon Corp.*, 932 F.2d 1020, 1025 (2d Cir. 1991).

The Court therefore transfers this action to the District of Nevada because the action is substantially similar to the prior actions filed by Plaintiff, all disposed of or pending in the District of Nevada. Accordingly, the Court transfers this action to the District of Nevada, in the interests of justice. *See* 28 U.S.C. § 1404(a) (Even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice.").

**CONCLUSION**

The Clerk of Court is directed to transfer this action, in the interests of justice, to the United States District Court for the District of Nevada. *See* 28 U.S.C. § 1404(a). Summonses shall not issue from this court. This order closes this case in this court.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated:   April 13, 2026
         New York, New York

　　　　　　　　　　　　　　　　　　　/s/ Laura Taylor Swain
　　　　　　　　　　　　　　　　　　　LAURA TAYLOR SWAIN
　　　　　　　　　　　　　　　　　　Chief United States District Judge